**3**
JAN P. JOHNSON
Standing Chapter 13 Trustee
Kristen A. Koo, State Bar #230856
P. O. Box 1708
Sacramento, California 95812-1708
(916) 492-8001
pobox1708@jpj13trustee.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 13-33550-A-13J |
| | ) | DC No.: JPJ-2 |
| | ) | |
| LEWIS FRANK BROWN, | ) | **TRUSTEE'S OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN AND CONDITIONAL MOTION TO DISMISS CASE** |
| | ) | |
| | ) | DATE: December 30, 2013 |
| | ) | TIME: 1:30 P.M. |
| Debtor(s) | ) | COURTROOM: 28 |

JAN P. JOHNSON, CHAPTER 13 TRUSTEE, objects to confirmation of the Debtor(s) Plan and does not recommend its confirmation as:

1. The debtor is delinquent to the trustee in the amount of $800.00 which represents approximately one plan payment. Before this matter is heard, an additional plan payment in the amount of $800.00 will also be due. The debtor has failed to make any plan payments to the trustee since the filing of the petition which was on October 21, 2013. The debtor does not appear to be able to make the plan payments proposed. The debtor has failed to carry his burden of showing that the plan complies with 11 U.S.C §1325(a)(6).

1

2. The trustee calculates that the plan will take more than 600 months, or 50 years, to complete which exceeds the maximum length of 60 months pursuant to 11 U.S.C §1322 (d) and which results in a commitment period that exceeds the permissible limit imposed by 11 U.S.C. Section 1325(b)(4).

3. The plan payment in the amount of $800.00 does not equal the aggregate of the trustee's fees, monthly post-petition contract installments due on Class 1 claims, the monthly payment for administrative expenses, and monthly dividends payable on account of Class 1 arrearage claims, Class 2 secured claims and executory contract and unexpired lease arrearage claims. The monthly dividends consist of $1,600.00 to Dimitrios Zahariudakis for the monthly contract installment in Class 1 and $735.00 to Sovereign Bank for the monthly contract installment in Class 1. The aggregate of these monthly amounts plus the trustee's fee is $2,484.04. The plan fails to comply with Section 4.02 of the mandatory form plan.

4. The trustee is unable to fully assess the feasibility of the plan or effectively administer the plan as the plan fails to specify a monthly dividend for the pre-petition arrearage to Dimitrios Zahariudakis and Soverign Bank in Class 1.

5. The plan does not comply with 11 U.S.C §1325(a)(4) as the unsecured creditors would a receive higher distribution in a chapter 7 proceeding. According to Schedules A, B and C, the total value of non-exempt property in the estate is approximately $438,730.00. The total amount that will be paid to unsecured creditors is $0.00.

6. The trustee is unable to fully assess the feasibility of the plan or effectively administer the plan fails to specify a minimum dividend to Class 7 general unsecured claims.

///

///

7. The trustee is unable to fully assess the feasibility of the plan. The debtor failed to provide the trustee with a copy of his tax return for the most recent tax year a return was filed. The debtor has failed to comply with 11 U.S.C. §521(e)(2)(A)(1).

8. The trustee is unable to fully assess the feasibility of the plan. Pursuant to Local Bankruptcy Rule 3015-1(c)(3), the debtor is required to serve upon the trustee no later than fourteen (14) days after the filing of the petition a Class 1 Checklist and Authorization to Release Information to Trustee Regarding Secured Claims Being Paid by the Trustee. To date, the debtor has failed to provide the trustee with the Class 1 Authorizations and Checklists for Dimitrios Zaharuidakis and Sovereign Bank. The debtor has failed to comply with 11 U.S.C. §521(a)(3) and Local Bankruptcy Rule 3015-(c)(3).

WHEREFORE the trustee prays that the Court enter an order denying confirmation of the debtor's Plan, and an order dismissing the case unless the debtor obtains confirmation of an amended plan within 75 days. The trustee consents to the Court's resolution of disputed material factual issues pursuant to FRCivP 43(c) as made applicable by FRBP 9017.

Dated: December 10, 2013

/s/ Kristen A. Koo
KRISTEN A. KOO, Attorney for Trustee